John D. GOINGS

v.

FALCON CARRIERS, INC.

v.

COASTAL MARINE SERVICE OF TEXAS, INC.

Civ. A. No. B–88–00135–CA.

United States District Court, E.D. Texas, Beaumont Division.

Nov. 10, 1989.

Alan G. Sampson, Benckenstein, Oxford, Radford & Johnson, Beaumont, Tex., for third party plaintiff Falcon Carriers, Inc.

Mark Freeman, Wells, Peyton, Beard, Greenberg, Hunt & Crawford, Beaumont, Tex., for third party defendant Coastal Marine Service of Texas, Inc.

## MEMORANDUM OPINION

COBB, District Judge.

Plaintiff John D. Goings was injured while working aboard the M/V FALCON LADY on November 6, 1987. He filed suit February 1, 1988, for personal injuries against Falcon Carriers, Inc., the vessel owner; alleging the defendant failed to provide him a safe work place aboard the vessel. Goings filed an amended complaint which included other defendants, including his employer, GGT, Inc. The defendant Falcon Carriers, Inc., filed a third party complaint against the shipyard facility owner, Coastal Marine Services of Texas, Inc., for indemnity and/or contribution. Coastal seeks summary judgment denying any obligation to indemnify Falcon for any damages resulting from Falcon's own negligence.

The plaintiff contends he was injured while climbing out of a tank located within the hull of the M/V FALCON LADY, when he climbed a bulkhead ladder, and slipped and fell due to the slippery and gaseous condition of the tank and ladder.

The vessel was docked for repairs at the Coastal Marine Services of Texas, Inc., shipyard facility at Port Arthur, Texas from August 1987 until March 1, 1988. Coastal began repairs upon the vessel pursuant to a repair contract between Coastal and Falcon. The repair contract consisted of two sets of documents; the Repair Contract proper, and the Preamble to the Specifications of the work to be done.

In order to decide the issue of indemnity, the court must first determine whether the contract is maritime in nature. Generally, a contract is held to be maritime if it bears a relationship to the ship as to its use or to commerce. There must be a "direct and proximate juridical link between the contract and the operation of a ship." 1 Benedict on Admiralty § 183 (7th ed.1985). The documents in question in here relate to the repair of the vessel, and are necessary to the operation of the M/V FALCON LADY. A contract for the repair of a vessel is maritime in nature, and must be construed according to maritime law, not state law. *North Pacific Steamship Co. v. Hall Brothers*, 249 U.S. 119, 39 S.Ct. 221, 63 L.Ed. 510 (1919); *Theriot v. Bay Drilling Corp.*, 783 F.2d 527 (5th Cir.1986); *Alcoa Steamship Co. v. Charles Ferran and Co.*, 383 F.2d 46 (5th Cir.1967). Further, the construction of a maritime indemnity provision is governed by federal maritime law. *Corbitt v. Diamond M. Drilling Co.*, 654 F.2d 329, 332 (5th Cir.1981).

The interpretation of unambiguous language in a contract is a legal, not a factual, determination. *Amoco Production Co. v. Forest Oil Corp.*, 844 F.2d 251, 254 n. 3 (5th Cir.1988). The standard for interpreting a maritime contract is clear: "a court may not look beyond the written language of the document to determine the intent of the parties unless the disputed contract provision is ambiguous." *Corbitt*, at 332–33 (citing *Hicks v. Ocean Drilling and Exploration Co.*, 512 F.2d 817, 825 (5th Cir.1975)). The *Corbitt* court held an indemnity provision in a maritime contract covers all losses which reasonably appear to have been within the contemplation of the parties, but such a provision "will not afford protection to an indemnitee against the consequences of his own negligent act unless the contract clearly expresses such an obligation in unequivocal terms." *Id.* at 333; *See also United States v. Seckinger*, 397 U.S. 203, 90 S.Ct. 880, 885, 25 L.Ed.2d 224 (1970); *Amoco Production Co. v. Forest Oil Corp.*, 844 F.2d 251, 254 (5th Cir. 1988); *Seal Offshore, Inc. v. American Standard, Inc.*, 736 F.2d 1078, 1081 (5th Cir.1984).

Falcon claims there is an obligation of indemnity or contribution from third party defendant Coastal, specifically citing Paragraphs 11, 12, 16, and 28 of the Preamble to the Specifications for the Repair Contract. Curiously, Falcon does not cite Paragraph 13; for it is this paragraph which is the only provision in the agreement containing any reference to indemnity. Paragraphs 11, 12, 16, and 28 contain no express indemnity language. Paragraph 13 states:

13. Without limiting, by the provisions hereof, any liability of the Contractor (Coastal) as to amount, howsoever arising, it is understood that, from the delivery of the vessel to the Contractor until the vessel is redelivered to the Owner (Falcon) after satisfactorily completing the work, or while the work hereunder is being performed, the Contractor shall be responsible for, and make good at the Contractor's expense any and all losses, accidents, injuries and/or damage of any nature to the vessel and/or the vessel's equipment and/or its cargo and/or its movable stores and/or occurring through any act or default or neglect of the Contractor and/or which by the exercise of reasonable care could have been prevented, and Contractor shall indemnify and/or hold Owner harmless for all liability under any local, State or Federal oil pollution or water quality act.

In the forty-six paragraphs of the Preamble to the Specifications for the Repair Contract, this is the only provision which refers to a hold harmless agreement, and this agreement is clearly limited to specific instances: property damage to the ship or its cargo, and indemnification for any liability as a result of violation of water pollution statutes. It does not clearly and unequivocally state that Coastal shall indemnify Falcon Carriers for Falcon's negligence. The indemnity provision must be strictly construed. *M.O.N.T. Boat Rental v. Union Oil, etc.*, 613 F.2d 576, 580 (5th Cir.1980).

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment if "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed.R. Civ.P. 56(c). The contract is clear and unambiguous defining Coastal's indemnity obligation to Falcon. It does not exist under the facts in this case. There is no genuine issue of material fact in dispute and Coastal is entitled to judgment on the issue of indemnity as a matter of law.

The motion for summary judgment of the third party defendant Coastal Marine Services of Texas, Inc., is hereby GRANTED, and Falcon Carrier, Inc.'s claim for indemnity against said third party defendant is DISMISSED WITH PREJUDICE.